UNITED STATES v. STERN et al.

··(District Court, E. D. Pennsylvania. April 22, 1911.)

Nos. 18, 19.

1. CONSPIRACY (§ 43*)—TIME OF OFFENSE—CONTINUING OFFENSES.

·A conspiracy by bankrupts to conceal their property from their trustee formed within 30 days of the filing of the petition in bankruptcy, and followed· by actual concealment of the property, is an offense which continues to the date of the refusal to turn over the property to the trustee on his election, and an indictment for conspiracy under Rev. St. § 5440 (U. S.. Comp. St. 1901, p. 3676), now Cr. Code, § 37 (U. S. Comp. St. Supp. 1909, p. 1402), properly charges the commission of the offense as of such date.

[Ed·. Note.—For other cases, see Conspiracy, Dec. Dig. § 43.*]

2. BANKRUPTCY ·(§ 494*)—FRAUDULENT CONCEALMENT OF PROPERTY—ELEMENTS·OF OFFENSE—INDICTMENT.

, Under Bankr. Act July 1, 1898, c. 541, § 29b, 30 Stat. 554 (U. S. Comp. St. 1901, p. 3433), punishing the fraudulent concealment while a bankrupt or after his discharge from his trustee of any of his property, a concealment by a bankrupt from a trustee after his appointment and a failure to deliver over to him on demand any property or cash which the bankrupt has in his possession is an offense as of any date the concealment continues, and an indictment charging the offense properly charges its commission as of the date of the refusal to turn over the property to the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 911; Dec. Dig. § 494.*]

3. CRIMINAL LAW (§ 968*)—JUDGMENT—ARREST.

Where circumstantial evidence warranted the jury in finding beyond a reasonable doubt that accused was guilty, a judgment on the verdict should not be arrested.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 968.*]

4. BANKRUPTCY ·(§ 494*) — CONCEALMENT OF PROPERTY — EVIDENCE — SUFFICIENCY.

Under an indictment charging a bankrupt with concealing from his trustee specified property and cash, the government, to warrant a conviction, need not prove the concealment of every article and of every cent of the cash, but proof of the concealment of any part of the property or the cash warrants a conviction.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 911; Dec. Dig. § 494.*]

5. CRIMINAL LAW ·(§ 703*)—OPENING STATEMENT OF DISTRICT ATTORNEY—MISLEADING ACCUSED.

That the district attorney in his opening statement stated that he. expected to prove a fact and then failed to do so could not mislead accused who, if·having an intention to prove the fact, could do so.

[Ed. Note.—For other cases, see Criminal Law. Cent. Dig. § 1659; Dec. Dig. § 703.*]

Joseph Stern· and others were convicted of crime. Motions in arrest of judgment and for new trial. Denied.

John C. Swartley, Asst. U. S. Dist. Atty., and J. Whitaker Thompson, U. S. Dist.. Atty., for the United States.

Samuel J. Gottesfeld and Henry J. Scott, for defendants.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HOLLAND, District Judge. The jury returned a verdict of guilty on two indictments, one charging conspiracy against the defendants under section 5440, Revised Statutes (section 37, Criminal Code), and the other charging them with having fraudulently concealed, while bankrupts, certain personal property and a large amount of money from their trustee under section 29b of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3433]). The property and cash which it is charged they conspired to conceal from their trustee is the same property and cash which it is charged in the other indictment they concealed from their trustee. The time of the conspiracy in the indictment is the 9th day of June, 1909, and the time of the alleged concealment in the other indictment is the same date. Upon this date, which was immediately after the election of a trustee, the defendants refused to turn over to the trustee the property and cash, which it is alleged in the indictments they conspired to conceal and did conceal.

The evidence upon which the government relied to prove the charges in both indictments shows that the conspiracy was formed, and the property and cash had been concealed, within 30 days of the time the petition in bankruptcy had been filed, and the government proceeded upon the theory that the conspiracy and concealment continued, and that, after the election of the trustee, a refusal to produce the property upon demand was a continuance of the concealment as of the date charged, and an overt act in the continuance of the conspiracy, which warranted the government in charging the conspiracy as of the same date.

There are 13 reasons assigned in arrest of judgment, and 56 reasons for a new trial. Neither the reasons in arrest of judgment nor for a new trial require that the court should consider them seriatim.

[1] Sufficient to say that the government's contention that the conspiracy was an offense which was continued and properly charged in the indictment as of the date mentioned is in the judgment of the court correct and supported by numerous authorities, the most recent of which is United States v. Kissel et al., 218 U. S. 601, 31 Sup. Ct. 124, 54 L. Ed. 1168.

[2] The fraudulent concealment "while a bankrupt, or after his discharge, from his trustee of any of the property belonging to his estate in bankruptcy," is the offense prohibited by section 29b of the act. The bankrupt may have placed it in hiding for the purpose of securing it after the bankrupt proceedings, or disposing of it for his own benefit, prior to the proceedings in bankruptcy, and continued to have it or the proceeds in his control and possession up to the time of the appointment of a trustee. Whether or not he could be charged with any offense for so doing, it is plain to be seen from the words of section 29b of the act that a concealment from a trustee after his appointment and a failure to deliver over to him upon demand any property or cash which the bankrupt may have in his possession is an offense as of any date the concealment continues.

[3] The objection that there was no direct evidence of conspiracy or concealment, even if admitted, cannot avail the defendants in

support of their motion in arrest of judgment, because there was ample circumstantial evidence to warrant the jury in finding beyond a reasonable doubt that the defendants were guilty in manner and form as indicated. In fact, there was no explanation which would account for the existence of the facts and circumstances proven by the government other than that these three defendants had just prior to the proceedings in bankruptcy concealed property and cash, and continued to conceal both after the trustee had been appointed. The charges of conspiracy and concealment having been submitted to the jury on sufficient evidence, and a verdict of guilty returned, there is no reason why the jugment should be arrested.

[4] It is, however, further urged that the evidence shows that the property which it is charged was concealed by the defendants was sold by one Frank to various parties, and that the defendants could not possibly have this property in their control. Even if this be true, there is ample evidence to sustain the government's contention that the defendants have in their possession or control cash which they concealed and which they conspired to conceal from the trustee, and the jury would have been warranted in finding them guilty of concealing and conspiring to conceal cash from the trustee. One indictment charged conspiracy to conceal personal property, specifying it, and cash amounting to $27,000. The other charged the concealment of this property, specifying it, and $27,000 in cash. It is not necessary, in order that the jury might convict, that the government should have proven the concealment of every shirtwaist and every cent of the cash. Proof to the satisfaction of the jury beyond a reasonable doubt of the concealment of all, or any part, of the personal property or the cash, warranted the jury in finding a verdict of guilty. The motion in arrest of judgment is overruled.

[5] In two of the reasons for a new trial, the complaint is made that the defendants were misled by the opening statement of the district attorney, in that he stated he expected to prove the property which it was charged in the indictment defendants had concealed had been sold by the party to whom defendants sent the goods, and in consequence of that statement they failed to produce evidence to that effect. We do not see how they could have been misled, because if that statement was made, as claimed by defendant's counsel, it was at the beginning of the case, and, when the government closed its case and the defendants found it had not produced such evidence, they could easily have done so themselves, if they at any time had such an intention.

The other reasons for a new trial are assignments to alleged errors of the court in the admission or rejection of evidence, or to the charge of the court, or answers to points submitted by defendants. Upon an examination of these assignments, we do not find there was any error committed. A new trial is therefore refused.