## KESLINSKY v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. March 15, 1926. Rehearing Denied April 15, 1926.)

No. 4633.

Bankruptcy ⟨key⟩494—Indictment of bankrupt for concealment of money and specified articles of merchandise held sufficient.

An indictment charging a bankrupt with concealing from his trustee assets of his estate, described as money and articles of merchandise specified, such as defendant kept in his store, *held* sufficient.

In Error to the District Court of the United States for the Western District of Louisiana; Benjamin C. Dawkins, Judge.

Criminal prosecution by the United States against Isadore Keslinsky. Judgment of conviction, and defendant brings error. Affirmed.

Frank J. Looney, of Shreveport, La., for plaintiff in error.

Philip H. Mecom, U. S. Atty., and J. Fair Hardin, Asst. U. S. Atty., both of Shreveport, La.

Before WALKER and BRYAN, Circuit Judges, and BURNS, District Judge.

WALKER, Circuit Judge. The count of the indictment on which the plaintiff in error was convicted, after alleging that he was adjudicated bankrupt by the court below on March 22, 1923, charged that he "* * * did knowingly, willfully, and fraudulently conceal, while a bankrupt, from his trustee, property belonging to his estate in bankruptcy; that is to say, that at the time and place, within the jurisdiction aforesaid, the said Isadore Keslinsky did knowingly, willfully, unlawfully, and fraudulently conceal from J. H. Edwards, who was duly elected and qualified as said trustee of said bankrupt estate, on May 1, 1923, certain goods, wares, moneys, merchandise, shoes, and personal property belonging to said bankrupt estate, a more particular description of which is to your grand jurors otherwise unknown, all of which the said Isadore Keslinsky then and there well knew was contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States."

By a pleading called a motion to quash, the accused unsuccessfully challenged that count, "* * * for the reason that said count is indefinite, uncertain, and insufficient in law, in that it does not apprise the defendant of the nature of the charge against him, and does not state or specify what particular property or properties belonging to defendant's bankrupt estate defendant is charged to have concealed, or when, where, how, or under what circumstances said concealment is alleged to have been made."

Some time prior to the filing of that pleading, the district attorney, in reply to a letter from the counsel for the accused, stating his purpose to file a motion for a bill of particulars to show what assets belonging to the bankrupt estate the accused was charged with concealing, in a letter to such counsel stated:

"The only information that I could give would be that the government charged the bankrupt with concealing a portion of his stock of general merchandise and cash. The amount and description of the assets concealed were, in the nature of things, unknown to the grand jurors and are unknown to me. It is my opinion that the bankrupt concealed some $8,000 or $10,000 worth of merchandise and cash. It is impossible to say when he concealed his assets, but it is my opinion that the concealment took place seriatim during the year preceding the date when he was closed up by his creditors. As to how he concealed his assets, I am unable to outline the manner, further than that the goods were either sold or removed from the store, and that the bankrupt failed to list on his schedule proceeds of such sales, or the goods concealed. I am giving you this information in advance, as it is all the government could possibly furnish in obedience to an order of court."

The above-quoted count includes a charge that the accused knowingly, willfully, unlawfully, and fraudulently concealed from the named trustee "certain moneys, * * * shoes, and personal property belonging to said bankrupt estate, a more particular description of which is to the grand jurors otherwise unknown." The above-mentioned letter of the district attorney showed that the moneys mentioned in the indictment were proceeds of goods sold from the accused's stock, while he was in possession of it, during the year preceding the date when he was closed up by his creditors, and that the shoes and other goods mentioned were removed from the store during that time. The count, in connection with the mentioned letter, which may be regarded as serving the purpose of a bill of particulars, so far informed the accused what he was charged with having concealed from said trustee as to enable him to prepare his defense and to use the judgment under the indictment in bar of a subsequent prosecution based on the same transactions. Greater particularity in the description of such moneys, shoes, and other goods was not required, as the property in regard to which the alleged crime was committed was so identified as to enable the accused to prepare his defense. Dunbar v. United States, 15 S. Ct. 325, 156 U. S. 185, 39 L. Ed. 390; United States v. Greenbaum (D. C.) 252 F. 259. It was not error to overrule the objection to the count in question.

It is not fairly open to dispute that evidence adduced was such as to warrant the submission to the jury of the question of the accused's guilt or innocence of the offense charged. It follows that the court did not err in refusing to direct a verdict in his favor. The record does not show that the court excluded any admissible testimony of the accused's witness Weil. The objection which was sustained was to testimony of the witness which was clearly hearsay. No objection was sustained to any question calling for admissible testimony.

The record shows no reversible error. The judgment is affirmed.