## KANNER et al. v. UNITED STATES.

Circuit Court of Appeals, Second Circuit.
August 8, 1927.

No. 380.

1. **Bankruptcy** ⟜494—**Indictment of bankrupts for concealing assets, not stating value, was not therefore insufficient; value not being essential of crime.**

In an indictment of bankrupts for concealing assets from trustees, fact that value of the concealed assets was not set out did not render the indictment insufficient; value not being an essential of the crime.

2. **Bankruptcy** ⟜494—**Indictment of bankrupts for concealing assets, not alleging property value nor description, but alleging jurors' ignorance of details, held sufficiently particular.**

Indictment of bankrupts for concealing assets *held* sufficiently particular, where neither

value nor description of concealed property was alleged, but where there was an allegation that the grand jury did not know details.

**3. Bankruptcy ⊛⇒494—Indictment charging concealment of "money and property belonging to the estate in bankruptcy" held sufficiently particular, where inducement showed property partly dress goods.**

Where indictment of bankrupts for concealing assets charged only concealment of "money and property belonging to the estate in bankruptcy," but the inducement made it reasonably clear that the property was partly dress goods, indictment *held* sufficiently particular.

**4. Indictment and information ⊛⇒184—Where witness' testimony as to bankrupts' property concealment was of inferential character, and grand jury had heard same testimony, allegation of lack of knowledge, held not fatal variance between indictment and proof.**

Where trial witness' testimony was of a general and inferential nature relative to goods concealed by bankrupts, fact that grand jurors alleged lack of knowledge of particulars, although they had heard the same testimony, *held* not a fatal variance between the indictment and proof.

**5. Indictment and information ⊛⇒184—Claims of variance in grand jurors' allegations of ignorance of details and proof are not favored.**

The courts do not view with favor claims of variance between the allegations of ignorance on the part of the grand jurors and the proof, but the variance should appear positively.

**6. Criminal law ⊛⇒1167(1)—Since bankrupts were not surprised nor prejudiced thereby, denial of application for bill of particulars of concealed assets held not reversible error.**

Where, in bankrupts' trial for concealing assets, application was made for a bill of particulars as to assets concealed, but was denied, denial *held* not an abuse of discretion and ground for reversal, since defendants were not taken by surprise nor prejudiced in their substantial rights.

**7. Criminal law ⊛⇒402(1)—Secondary proof of contents of lost books held proper in bankrupts' trial for concealing assets.**

Where loss of bankrupts' books, which were left in the government's custody, was sufficiently proven, secondary proof of their contents by the prosecution was properly admitted in trial of bankrupts for concealing assets.

**8. Bankruptcy ⊛⇒495—In view of indictment and evidence of concealment of assets, jury's consideration of checks drawn by bankrupts just before bankruptcy held proper.**

In view of indictment and evidence relative to bankrupts' concealing assets, jury was properly allowed to consider, as bearing upon bankrupts' guilt, checks drawn by the bankrupts just before their bankruptcy.

In Error to the District Court of the United States for the Southern District of New York.

Leon Kanner, Joseph Kanner, and Max Kanner were convicted of concealing assets from their trustees in bankruptcy, in violation of Bankruptcy Act, § 29b (11 USCA § 52), and they bring error. Affirmed.

The plaintiffs in error, hereinafter referred to as the defendants, were members of the firm of Kanner Bros., engaged as retailers in the sale of silks and kindred goods in the city of New York. On June 12, 1922, they were forced into involuntary bankruptcy. The indictment was filed June 1, 1923. At the trial only one count remained. After the usual allegations describing the business of the defendants, their adjudication as bankrupts, and the appointment of trustees, it charges that they "did * * * unlawfully, knowingly, and fraudulently, and while they were bankrupts as aforesaid, conceal from [their trustees] certain moneys and properties then and there belonging to the estate in bankruptcy, to wit, moneys and certain other property of divers amount, the exact amount and more particular description of which are to the grand jurors unknown."

The prosecution offered evidence tending to prove that the defendants issued a financial statement as of December 31, 1921, showing a net worth of $47,800; that from that time on until within a week of their failure they told creditors that their business was good, even better than when they issued the statement; that during 1922 they purchased a large quantity of merchandise, and according to their books should have had on hand, when they failed, merchandise of approximately $110,000 more than they did have; that goods on their store shelves had been wrapped in such a manner as to give a false impression as to the amount of merchandise they had on hand; that just before the bankruptcy they drew out substantial sums in cash, and assigned their accounts, and sold their fixtures; that they owed creditors $148,000, and their assets brought a total of $22,600. The jury found the defendants guilty, and they were sentenced to imprisonment for one year and one day.

Irving E. Kanner, of New York City (Max D. Steuer, of New York City, Harold H. Corbin, of Saratoga Springs, and Edward J. Bennett, of Brooklyn, of counsel), for plaintiffs in error.

Charles H. Tuttle, U. S. Atty., of New York City (Ben Herzberg and Kenneth F. Simpson, Asst. U. S. Attys., both of New York City, of counsel), for the United States.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above). It is urged that the indictment is wholly insufficient to support the conviction, because it does not set forth the offense with sufficient particularity to meet the requirements of criminal pleading. The point was raised at the beginning of the trial by a motion to dismiss.

[1] The defendants' contention is supported by United States v. Lynch (D. C.) 11 F.(2d) 298. On the other hand, Greenbaum v. United States, 280 F. 474 (C. C. A. 6), and Keslinsky v. United States, 12 F.(2d) 767 (C. C. A. 5), are cited by the prosecutor to show that the indictment was good as a pleading. It is true that in each of those cases a bill of particulars, or its equivalent, was given. But a bill of particulars cannot cure an indictment fundamentally defective. Collins v. United States, 253 F. 609 (C. C. A. 9). In the Greenbaum Case the court does not seem to have relied upon the bill of particulars, for no mention of it is made in the opinion. It is true, also, that there the approximate value of the property was stated. But the value of the property concealed is not an essential part of the crime. The statement of it is therefore surplusage. 3 Bishop, New Criminal Procedure (2d Ed.) § 751 (2). Hence its inclusion in the indictment could not save the pleading if the specification of the property concealed was insufficient without it. In the Keslinsky indictment no value was stated, but the goods concealed were described as "certain goods, wares, moneys, merchandise, shoes, and personal property belonging to said bankrupt estate." This is scarcely more specific than in the case at bar.

[2] Frequently, in statutory offenses, an indictment charging the crime in the substantial words of the statute has been held sufficient, though even in such cases the charge must be set forth so as reasonably to inform the defendant of the nature of the accusation against him. United States v. Simmons, 96 U. S. 360, 24 L. Ed. 819. The purpose of the rule being to enable the defendant to prepare his defense, it would seem that, if ever particularity may be dispensed with, it should be so in the crime of concealing assets. The crime is one which is peculiarly within the bankrupt's own knowledge, and one which may be committed under circumstances which render impossible a description of the assets concealed. Where the very essence of the crime is secreting property, how can it be necessary to allege knowledge of that of which the defendant's own acts prevent any knowledge? It is enough to excuse particularity of description of the manner of committing the offense for the grand jurors to allege that they do not know the details. Durland v. United States, 161 U. S. 306, 16 S. Ct. 508, 40 L. Ed. 709; United States v. Claflin, Fed. Cas. No. 14,798, 13 Blatchf. 178.

[3] In the case at bar the indictment charges concealment of "moneys and properties belonging to the estate in bankruptcy," and the inducement makes it reasonably clear that the property was in part at least "dress goods." All that the grand jurors knew was what the accountant, Adler, told them, and the exact amount of the assets concealed was unknown to him, as was also the more particular description of the property. The proof itself was inferential, and did not disclose what pieces of dress goods were concealed, or where they were concealed, or whether they had not been turned into cash, which was concealed. No one but the defendants knew what the concealed property was, or in what form it was, or what they had done with it. The fact of concealment was inferable from the large discrepancy between the merchandise which the books showed to be on hand and what was actually found, coupled with the defendants' suspicious conduct, for example, in camouflaging the stock on their shelves and withdrawing money on the eve of bankruptcy. Such a discrepancy has been recognized as a link in the chain of proof of concealment in Stern v. United States, 193 F. 888, 892 (C. C. A. 3); United States v. Greenbaum (D. C.) 252 F. 259, 265; Frieden v. United States, 5 F.(2d) 556 (C. C. A. 4). The utmost that the grand jurors could have alleged was that the defendants concealed dress goods of the approximate value of $100,000, or the proceeds of such goods. This would have added nothing of substance. An allegation of the amount of the concealment, is not, as has been already stated, a material allegation. A specification of the facts known to the grand jurors would not have been definite enough to give the defendants any information as to the assets they are charged with concealing. We are satisfied that the indictment was sufficient.

[4, 5] It is urged, also, that there was a fatal variance between the allegations in the indictment and the proof at the trial, in that the allegation of the grand jurors' lack of knowledge was proven untrue. This assertion is based on the testimony that Adler appeared before the grand jury and presented to them the facts and figures to which he testified on the trial. All this shows is that the grand jury knew the approximate amount of the

concealment. For the reasons already given the amount is not important. See United States v. Stern (D. C.) 186 F. 854, 856. Nor does it appear that they knew the "exact amount," nor a "more particular description," of the assets concealed. The courts do not view with favor a claim of variance in the allegation of ignorance on the part of the grand jurors; the variance should appear positively. Mitchell v. United States, 229 F. 357, 362 (C. C. A. 2).

[6] The refusal of the trial judge to grant the defendants' motion for a bill of particulars is alleged as error. The particulars demanded were (1) the exact date of each and every concealment of assets; (2) a description in detail of each asset alleged to have been concealed, with the exact date of the concealment thereof; (3) the act or acts as to each concealment, with the date thereof; and (4) with respect to the charge of concealing money, the amount of money in each instance, and whether in the form of cash or check, with the dates, etc. We have already alluded to the impossibility of giving the details asked for in the first three demands. The prosecution did not know them. At to the fourth demand it did know that certain sums had been withdrawn by checks payable to the defendants, and these checks were put in evidence against them. We cannot regard the failure to disclose the checks as a serious enough prejudice to justify a reversal. The application for a bill of particulars is addressed to the discretion of the court, and there is nothing in the record to indicate that the defendants were taken by surprise or prejudiced in their substantial rights. Unless this appears, the court's denial of the application should not be disturbed. See Wong Tai v. United States, 273 U. S. 77, 47 S. Ct. 300, 71 L. Ed. 545, Horowitz v. United States, 262 F. 48 (C. C. A. 2). Moreover, the checks were only incidents to the main proof which depended upon the shortage in merchandise. The checks did not cover all the possible money concealed. Nobody could tell in what form the concealed assets were; probably in fact the goods had been sold and their proceeds were concealed. While there may have been too broad a denial of the request for particulars, we cannot see that its effect was so prejudicial as to require reversal of the conviction.

[7] The books of the bankrupt were last in the custody of the government, but were lost before trial. Counsel for the defendants objected throughout the trial to the introduction of secondary evidence of their contents, and the admission of such evidence is now pressed upon us as error. The loss of the books was sufficiently proven. Therefore we see nothing in the contention that secondary proof of their contents was improper.

[8] Two errors in the court's refusals to charge are complained of. One was the refusal to charge that, if the production of the books would have enabled the defendants to establish what they did with all the assets claimed to have been concealed, that fact may be considered by the jury in determining their guilt or innocence. Any error inhering in such refusal was neutralized by the charge given at the request of the defendants immediately succeeding that refused. The other was the refusal to charge that the jury cannot consider the amount of the checks in evidence as bearing on the guilt of the defendants, because the indictment does not charge them with concealing the amount of such checks. This refusal was proper. The checks were evidence of a withdrawal of money just before the bankruptcy, and this was some evidence of an intent to leave nothing but the shell of the business.

Finally it is urged that the evidence was not sufficient to sustain the judgment, and that the case should have been dismissed, or a verdict directed for the defendants. It would serve no useful purpose to review the evidence in detail. It suffices to say that we have examined the record with care, and have no doubt that there was ample evidence of guilt.

The judgment is affirmed.