## UNITED STATES v. GOLDMAN.

No. 7020.

District Court, M. D. Pennsylvania.

March 12, 1932.

Andrew B. Dunsmore, of Wellsboro, Pa., for the United States.

H. H. Weintraub, of Wilkes Barre, Pa., for defendant.

WATSON, District Judge.

The defendant was indicted October 7, 1931, for knowingly and fraudulently concealing from the receiver property belonging to his estate in bankruptcy.

The defendant has filed a motion to quash the indictment, and a rule was granted to show cause why the indictment should not be quashed.

The principal reason relied upon by the defendant in the motion to quash reads as follows: "1. That the Grand Jury which returned the indictment in the within cause was improperly empanelled in that one of the Grand Jurors which found this indictment is chargeable with bias and prejudice and was disqualified from acting as a Grand Juror."

There is nothing before the court to show the name of the grand juror, that that particular grand juror voted for or against the indictment, the nature of the bias or prejudice of that particular grand juror, or that the defendant was in any wise prejudiced. In this connection the motion states no facts and alleges mere conclusions.

The burden is upon the accused to show affirmatively facts overcoming presumption of validity of indictment regularly returned. United States v. Lynch (D. C.) 11 F.(2d) 298.

In United States v. Reilly (D. C.) 30 F. (2d) 866, it was held: "It will be presumed that persons duly summoned and returned as grand jurors are good and lawful men and in other respects legally qualified, and therefore, in the absence of record or other competent evidence on the question, the burden is on the challenging party to show the disqualification. 20 Cyc. 1303, and cases there cited."

The defendant not having met the burden which was upon him to show the disqualification of the juror, the indictment will not be quashed for the reason referred to.

The third reason in the motion to quash reads as follows: "3. The four counts contained in the indictment found in the within cause present merely legal conclusions and fail to set forth what was done to conceal the various articles mentioned in counts one, two, three and four and fails to allege any facts which show how or in what manner nor at what times and places, nor the character,

kind,.or quality of the merchandise alleged to be concealed with sufficient particularity to apprise the defendant of the offense with which he is charged."

The third count in the indictment charges inter alia: "And the Grand Jurors aforesaid, upon their oaths or affirmations aforesaid, do further present that the said Samuel Goldman on or about the 22nd day of May, 1929, at Luzerne County, in the State of Pennsylvania, in the Middle District thereof and within the jurisdiction of this Court, knowingly, wilfully, fraudulently and feloniously did conceal, while he the said Samuel Goldman was then and there a bankrupt as aforesaid, from said Peter Turik, said Peter Turik being then and there the Receiver in bankruptcy as aforesaid of the estate of said bankrupt Samuel Goldman, a large amount of personal property belonging to the estate in bankruptcy of said Samuel Goldman bankrupt as aforesaid, to wit, certain goods, wares, merchandise and money of the aggregate value of one thousand dollars, the said goods, wares and merchandise being part of the stock of goods held by the said Samuel Goldman as a merchant, and the moneys being moneys received from the sale of parts of the said goods, wares and merchandise out of the stock of goods held by the said· Samuel Goldman as a merchant, a more particular description of the said goods, merchandise and moneys being to your Grand Jurors unknown and cannot be given by reason of the fact that the same were concealed and are still concealed, contrary to the form of the statute in such case made and provided and against the peace and dignity of the United States of America."

The other counts in the indictment contain similar allegations: The first count describes the property concealed as a "National Cash Register"; the second count describes the property concealed as "certain goods, wares, and merchandise of the approximate value of one thousand dollars, and consisting in part of a large quantity of rubber heels"; the fourth count describes the property concealed as "Nine Hundred Dollars ($900) in money."

The indictment alleges that the details were unknown to the grand jurors, and an indictment of bankrupt for concealing assets is sufficiently particular where neither value nor description of concealed·property is alleged, but where there is an allegation that the grand jurors do not know the details. Kanner v. United States (C. C. A. Second Circuit) 21 F.(2d) 285, 287, in which case the court said: "Frequently, in statutory offenses, an indictment charging the crime in the substantial words of the statute has been held sufficient, though even in such cases the charge must be set forth so as reasonably to inform the defendant of the nature of the accusation against him. United States v. Simmons, 96 U. S. 360, 24 L. Ed. 819. The purpose of the rule being to enable the defendant to prepare his defense, it would seem that, if ever particularity may be dispensed with, it should be so in the crime of concealing assets. The crime is one which is peculiarly within the bankrupt's own knowledge, and one which may be committed under circumstances·which render impossible a description of the assets concealed. Where the very essence of the crime is secreting property, how can it be necessary to allege knowledge of that of which the·defendant's own acts prevent any knowledge? It is enough to excuse particularity of description of the manner of committing the offense for the grand jurors to allege that they do not know the details. Durland v. United States, 161 U. S. 306, 16 S. Ct. 508, 40 L. Ed. 709; United States v. Claflin, Fed. Cas. No. 14,798, 13 Blatchf. 178."

There are other reasons set forth in the motion to quash, most of which are technical, and all of which are without merit. Courts are not inclined to seriously consider technical objections to indictments. United States v. Lehigh Valley R. R. Co. (D. C.) 43 F.(2d) 135.

The indictments meet the true test to be applied to an indictment as stated in Ex parte Pierce (C. C.) 155 F. 663, and cases there cited, which include a number decided by the Supreme Court of the United States, and the indictment is sufficient.

Now, March 11, 1932, the motion to quash is dismissed, and the rule to show cause why the indictment should not be quashed is discharged.