UNITED STATES of America
v.
William E. MATHIES, Jr.

UNITED STATES of America
v.
William E. MATHIES, Jr., and Marion M. Mathies, his wife.
Crim. A. Nos. 62–1, 62–2.

United States District Court
W. D. Pennsylvania.
March 23, 1962.

Thomas J. Shannon, Pittsburgh, Pa., for the United States.

Alexander Cooper, Pittsburgh, Pa., for Mathies.

WILLSON, District Judge.

Defendant, William E. Mathies, Jr., has been indicted at Criminal Action No. 62–1 for violation of Section 152 of Title 18 United States Code, this indictment containing seven counts. In a second indictment, Criminal Action No. 62–2, the same defendant and his wife, Marion M. Mathies, have been charged with conspiracy to violate the same section of the bankruptcy act in a one count indictment which contains some 110 overt acts. Mo-tions to dismiss in both indictments have been filed. Counsel have been heard at oral argument and briefs considered.

### SUBSTANTIVE OFFENSE AT CRIMINAL ACTION NO. 62–1

The first two counts in this indictment charge concealment of assets in contemplation of bankruptcy. In the remaining five counts, defendant is charged with giving false oaths in relation to the bankruptcy proceedings. Defendant raises two issues in his motion for dismissal.

1. The indictment fails to set forth facts sufficient to constitute an offense against the United States in that it fails to adequately identify the property allegedly concealed and fails to state when, how, in what manner and under what circumstances the alleged concealment of property occurred.

2. The allegations of the indictment fail to plead essential facts and merely allege legal conclusions from which defendant is unable to properly prepare a defense.

The government in its brief indicates that Counts 1 and 2 were drawn pursuant to the 6th paragraph of Section 152. That paragraph reads:

"Whoever, while an agent or officer of any person or corporation, and in contemplation of a bankruptcy proceeding by or against such person or corporation, or with intent to defeat the bankruptcy law, knowingly and fraudulently transfers or conceals any of the property of such person or corporation * * *."

The first paragraph of the indictment recites the involuntary bankruptcy proceedings filed against Pitt Wholesale Company, Inc., which was adjudicated a bankrupt on February 23, 1960, and thereafter the case was referred to the Referee for further proceedings. The second paragraph alleges that on or about the first day of January, 1958, and continuing thereafter up to and including the time of the finding of this indictment, in this jurisdiction defendant as president of the said Pitt Wholesale Company, Inc.,

"in contemplation of the said bankruptcy proceeding by and against the said Pitt Wholesale Company, Inc., and with intent to defeat the bankruptcy law, did knowingly and fraudulently conceal and cause to be concealed certain property, to wit, merchandise and the proceeds thereof consisting of that merchandise commonly sold in a self-service department store, commonly sold by Pitt Wholesale Company, Inc. and intended for sale by the Pitt Wholesale Company, Inc. of the approximate value of $200,000 belonging to the said Pitt Wholesale Company, Inc."

The second count realleges paragraph one of Count 1 and then says that during the period from March 1, 1959 to and including the first day of October, 1959, defendant did knowingly and fraudulently with intent to defeat the bankruptcy law conceal and cause to be concealed certain property, that is

"Merchandise and the proceeds thereof consisting of that merchandise commonly sold in a self-service department store, commonly sold by Pitt Wholesale Company, Inc. and intended for sale by the Pitt Wholesale Company, Inc. of the approximate value of $5,000.00 belonging to the said Pitt Wholesale Company, Inc."

 The Rules of Criminal Procedure, adopted in 1945, govern the practice in the Federal criminal courts. Rule 7 is headed "THE INDICTMENT AND THE INFORMATION". Rule 7(c) is subheaded "Nature and Contents." It states that the indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. The point at issue here is whether the essential facts of the alleged offense are charged as required by the Rule and the decisions. The older decisions of the courts on this subject are not to be disregarded because it is believed that the rule is the expression of what the law always has been on the preparation of an indictment.

No better summary is found than that in the decision of Rudin v. United States, 254 F.2d 45, 48, (6 Cir. 1958) where the court stated:

"It is, of course, settled law that in order for an indictment to be valid it must allege all of the elements which are necessary to constitute a violation of the statute. But it is not necessary that the indictment follow the exact wording of the statute. * * * The test of the sufficiency of an indictment is that it must sufficiently apprise the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, that the record show with accuracy to what extent, he may plead a former acquittal or conviction."

 In this court's opinion the first two counts in the instant indictment are invalid. These two counts are insufficient for two reasons. The first is that they do not in any way set forth the method of the concealment or how it was accomplished. Secondly, the counts do not sufficiently identify the alleged property concealed. The government's brief and the argument of the United States Attorney do not support the validity of the counts but in fact support their invalidity. For instance, the government's brief says these two counts are based upon an analysis of the purchases and sales of the Pitt Wholesale Company, Inc. for the year 1959 which shows an inventory shortage of almost double the amount alleged in the indictment. It further says that "an inventory shortage means that Pitt Wholesale should have either had the merchandise or the cash for the said merchandise." At the oral argument counsel for the government indicated that he would prove the first count by the so-called net worth method, that is, showing the inventory at the beginning of the year, the purchases and the inventory at the end of the year, thus showing a shortage of inventory. But such a method it seems to this court points as well to a fraudulent transfer

as it does to a concealment of property in contemplation of bankruptcy. Most logically, such an analysis points to an outright theft or embezzlement of property. In charging a concealment good pleading requires that at least some method be indicated in the count of the indictment the manner in which the concealment was accomplished. In this case it is not even alleged that the property was owned by the bankrupt nor that it was on the bankrupt's premises or even that it ever was in the possession of the bankrupt. There is absolutely no mention of the method of concealment. What this court said in a prior decision, United States v. Kramer Criminal Action No. 15509 and 15510, decided September 16, 1958, has application here. It was there stated:

"But a glance at Webster shows that the word 'concealment' may describe many things. For instance, it means to hide or withdraw from observation; to cover or keep from sight; to prevent the discovery of; and to withhold knowledge of, etc."

The identification or description of the property concealed is stated "merchandise and the proceeds thereof consisting of that merchandise commonly sold in a self-service department store". The government says that in this case it is impossible to identify the merchandise because of the many hundreds or even thousands of items handled by the bankrupt, but this court does not believe that a description identifying property as "merchandise commonly sold in a self-service department store" is sufficient. This court has never been in any such store and has no idea what such an establishment handles. To comply with the rules it seems necessary that the government particularly identify at least part of the merchandise. That was done in all of the principal cases cited by the government in support of this indictment.

In Rudin v. United States, supra, decided in 1958, the concealed property was described as "cash in the amount of * * * and merchandise inventory consisting of miscellaneous groceries in the amount of * * *". In Greenbaum v. United States, 280 F. 474, (6 Cir. 1922), the language was "money and merchandise to the value of * * *". In Kanner v. United States, 21 F.2d 285, (2 Cir. 1927), the language was "moneys and properties then and there belonging to the estate in bankruptcy". In Keslinsky v. United States, 12 F.2d 767, (6 Cir. 1926), the goods were described as "certain goods, wares, moneys, merchandise, shoes and personal property belonging to said bankrupt estate". In Gerson v. United States, 25 F.2d 49, (8 Cir. 1928), the language was "certain merchandise belonging to the estate in bankruptcy of the said Abraham Gerson, to wit, merchandise of the value of * * * and the cash received from a sale thereof * * *".

■ A glance at the first two counts emphasizes the necessity for pleading the essential facts constituting the offense. Count 1 says the offense commenced January 1, 1958 and continued until the date on which the indictment was filed. Count 2 says the offense began March 1, 1959 and continued to the 31st day of October, 1959. The duration of time in Count 2 is covered by the allegation of time in Count 1. Other then the dates and the value of the property involved, the offenses charged are the same. In Kanner v. United States, supra, the court held that the stated value of the property is surplusage as the value is inconsequential in so far as the statute is concerned. Thus the same offense is charged in both counts but, says the government in its brief, Count 1 is based on an inventory shortage and at the oral argument counsel stated that in Count 2 defendant is charged with the sale of $5,000 worth of merchandise and keeping the money. The essential facts constituting the two offenses are not in the indictment but in the government's brief and in counsel's oral statement. The defendant could not be expected to intelligently defend against these two counts.

■ Counts 3 through 7 of this indictment are, in the opinion of the court, valid. They meet the requirements of

the Rule and of the decisions. A comparison of their allegations emphasizes the invalidity of the first two counts. For instance, Count 3 sets forth the answer to a question and alleges that in truth and in fact defendant knew otherwise in that he had actually transferred a piece of real estate. In Count 4 the negative answer is alleged to be false because checks were deposited and the numbers of the checks, amounts, and dates of deposits are alleged. In the fifth count the same method is followed, that is a false oath is alleged with relation to the number of vehicles owned by the defendant and that in fact, says the indictment, defendant stated that he had but one vehicle but that he well knew he owned a 1959 Ford Truck. The sixth and seventh counts relate to certain books and the same procedure and method are followed in the indictment. The last count, Count 7, the falsity is alleged by showing a question, its answer and the incorrectness of the answer. The elements and the essential facts are precisely set forth in the last five counts.

### CONSPIRACY INDICTMENT—CRIMINAL ACTION NO. 62–2

 For the same reasons set forth in discussing Counts 1 and 2 in Criminal Action 62–1, this court believes that the conspiracy indictment is bad. No essential facts are alleged. There is a uniformity in the decisions to the effect that in charging a conspiracy the indictment must distinctly and directly allege an agreement to commit an offense against the United States and inference and implication will not suffice. See Hamner v. United States, 134 F.2d 592, (5 Cir. 1943); United States v. Offutt, 75 U.S. App.D.C. 344, 127 F.2d 336 (1942); and United States v. Manuel, 126 F.Supp. 618. (D.C.D.C.1955). Those decisions also state that there are three essentials in a conspiracy indictment: the agreement, the offense-object toward which the agreement is directed, and an overt act.

 The object of the agreement must be specifically set forth. For the same reasons as previously stated this court does not think the description "merchandise commonly sold in a self-service department store" is sufficient identification. It is not stated that Pitt Wholesale Company, Inc. even owned the property or that it was on its premises nor does it state where the property was situate or the manner or method in which the offense of concealment was to be accomplished.

It is particularly noticed also that the overt acts, 2–101, inclusive, all relate to deposits of checks. The conclusion here is that the conspiracy could as equally well be interpreted as pointing to fraudulent transfer of property as well as concealment as charged in the indictment.

### CONCLUSION

In conclusion, as indicated I understand the government's position is that Pitt Wholesale Company, Inc. handles so many hundreds of thousands of items that the government finds it impossible to specify or identify with any particularity the items of personal property involved. In some of the decisions cited when such was the case the indictments described some items of property and the allegation was made that the grand juries were unable to determine with particularity other items but that such items were either held for sale or held on the premises of the bankrupt. It seems to this court that in these indictments sufficient descriptions could have been given to apprise the defendant of the identification of the property. For instance, in Count 2 it was apparently cash. That could have been stated not only in that count but also in the conspiracy charge. If the property was dry goods, clothing, footwear, ladieswear, kitchenware, hardware, etc., some such descriptive category could have been mentioned, followed by language "all or similar property owned and held for sale or storage by Pitt Wholesale Company, Inc."

### ORDERS OF COURT

AND NOW, this 23rd day of March, 1962, for the reasons mentioned in the foregoing opinion, the First and Second Counts of the Indictment at Criminal Ac-

tion No. 26–1 are dismissed. The motion to dismiss the remaining counts is denied.

AND NOW, this 23rd day of March, 1962, for the reasons mentioned in the foregoing opinion, the indictment, United States of America v. William E. Mathies Jr., and Marion M. Mathies, his wife, at Criminal Action No. 62–2, is dismissed.