**UNITED STATES of America**
v.
**Morris STEIN**
and
**Sylvan Scolnick.**
**Cr. No. 22044.**

United States District Court
E. D. Pennsylvania.
Jan. 27, 1966.

Drew J. T. O'Keefe, U. S. Atty., by Francis R. Crumlish, Philadelphia, Pa., for plaintiff.

Irwin Paul, Philadelphia, Pa., for defendant.

**HIGGINBOTHAM, District Judge.**

The matter before this Court arises out of a motion made by the defendants, Morris Stein and Sylvan Scolnick, to dismiss the first of a two count indictment brought against them by the United States. They seek also, a bill of particulars in the second count. For reasons which follow, the first count of the indictment must be dismissed, and the request for a bill of particulars denied.

The defendants are charged with conspiring to conceal assets from a trustee in bankruptcy and the substantive crime of concealment of assets from the bankruptcy court. The conspiracy count arises under Section 371 of Title 18 of the United States Code, and the substantive count under Section 152 of the same title. The indictment, which was returned on February 25, 1965, alleges, inter alia, that the defendants wilfully and knowingly secured assorted merchandise on credit from suppliers with the knowledge that they were unable to pay for them, and that they would be thrown into bankruptcy. It alleges further that the defendant, Morris Stein, went into involuntary bankruptcy, and was adjudicated bankrupt on November 30, 1959. The defendant, Sylvan Scolnick, is alleged to have participated in this scheme from its inception and thus is charged equally with Stein.

It is the contention of the defendants that count one of the indictment should be dismissed because prosecution under it has been barred by the Statute of Limitations.[1] They rely on the ruling of the United States Supreme Court in Grunewald v. United States, 353 U.S. 391, 77 S.Ct. 963, 1 L.Ed.2d 931, 62 A.L.R.2d 1344 (1957). This contention is strenuously denied by the Government which argues that the prosecutions are timely.

Although the motion for dismissal of the conspiracy count must be granted, I do not grant it on the basis of the arguments presented by the defendants, for in my judgment, they have miscon-

---

ceived the issues which are involved here.

## I.

The thrust of the defendants' argument is that the facts in their case are similar in form to those in *Grunewald,* supra. In the *Grunewald* case the Supreme Court, relying on its previous opinions in Krulewitch v. United States, 336 U.S. 440, 69 S.Ct. 716, 93 L.Ed. 790, and Lutwak v. United States, 344 U.S. 604, 73 S.Ct. 481, 97 L.Ed. 593, held that after the central criminal purposes of a conspiracy have been attained, a subsidiary conspiracy to conceal may not be implied from circumstantial evidence showing that the conspiracy was kept a secret. The Court held also, that to allow a conspiracy to conceal to be inferred from overt acts of concealment, would result in an "awesome" widening of the scope of conspiracy prosecutions, and extend the life of conspiracies indefinitely.

The defendants contend that in the instant case they too are being charged with a subsidiary conspiracy to conceal their crime after its main purpose has been accomplished. In their judgment the main purpose of the alleged conspiracy was to secure an adjudication in bankruptcy, thus, they argue that, at the latest, the statute of limitations began to run in November of 1959 when Stein was declared bankrupt. In addition, they urge that since the last overt act pleaded in the indictment occurred on November 4, 1959, any indictment secured after November 3, 1964, was barred by the statute of limitations. To support this proposition the defendants rely on the long established principle, reaffirmed in *Grunewald* that in a completed conspiracy prosecution the statute of limitations begins to run from the date of the last overt act alleged in the

indictment. If this were the posture of the instant case the defendants would of course be correct.

This, however, is not the posture in which this case rests, for the United States contends that the main purpose of the conspiracy has not yet been accomplished. In effect, the Government alleges a continuing conspiracy. Paragraph 9 of the indictment reads as follows:

> *From on or about January, 1959, to and including the date of the return of this indictment,* the defendants, Morris Stein and Sylvan Scolnick, together with diverse other persons whose names are unknown to the Grand Jury, in the Eastern District of Pennsylvania, did unlawfully, knowingly, and fraudulently conspire, combine, confederate and agree together to commit certain offenses against the United States. * * * (Emphasis added.)

Not only does the Government allege that the conspiracy was still in effect on February 25, 1959, (the date of the indictment), but at oral argument contended that it continues today.[2] Thus there is a distinction between the concealment alleged in *Grunewald* and that in the case before me today. For there the concealment was done to cover up the traces of a completed conspiracy whereas here the concealment alleged, is in furtherance of the objectives of the conspiracy itself—"the successful accomplishment of the crime necessitates concealment." *Grunewald* 353 U.S. at page 405, 77 S.Ct. at page 974.

The difficulty with the Government's position lies with its argument on the question of overt acts. Title 18, Section 371, set forth below,[3] makes the performance of an overt act a necessity in conspiracy prosecutions. The Government

2. Transcript of oral argument, p. 14.

3. Title 18, § 371 U.S.C.A. reads as follows: If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any man-

ner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both. * * *

admits this, but contends that in a prosecution of a continuing conspiracy there is no requirement that the overt act alleged occur within the limitation period. Thus, it argues that where an overt act is alleged even beyond that period, the statute is satisfied. It must be noted that in cases, such as this, where a continuing conspiracy is charged, the limitations period is determined from the time of the indictment to a period, in this case, five years earlier. United States v. Schneiderman, 106 F.Supp. 892 (U.S. D.C.S.D. California, Central Division, 1952). Thus, if the Government's contention were correct, the fact that the last overt act alleged, antedated February 25, 1960, would not bar this prosecution, since an over act was alleged.

■■ The Government's argument is intriguing, however, a careful scrutiny of the cases on this subject, lends no support for this proposition. The overwhelming majority of the cases canvassed, support the proposition that in a conspiracy prosecution, where as here, an overt act must be alleged and proven, that act must be alleged to have occurred within the limitations period. Pinkerton v. United States, 145 F.2d 252 (5th Cir., 1944), United States v. Grodson, 164 F. 157 (D.C.N.D. Illinois, Eastern Division, 1908), United States v. Westbrook, 114 F.Supp. 192 (W.D.Arkansas, Texarkana Division, 1953), United States v. Mathies, 203 F.Supp. 797, (W.D. Pa.1962), United States v. Greater Kansas City Retail Coal Merchants Association, 85 F.Supp. 503 (W.D. Missouri, Western Division, 1949), Huff v. United States, 192 F.2d 911 (5th Cir., 1951), United States v. Cianchetti, 315 F.2d 584 (2nd Cir., 1963). As was said in United States v. Greater Kansas City Retail Coal Merchants Association, supra:

> It is rudimental law that a conspiracy, once shown to exist, is presumed to continue whenever one conspirator does some act in furtherance of its purpose. United States v. Perlstein, 3 Cir., 126 F.2d 789. *In a continuing conspiracy proof of an overt act is necessary only to establish the continued existence of the agreement and to bring the existence thereof within the applicable period of limitation,* * * *. (85 F.Supp. at p. 510.) (Emphasis added.)

Thus, I hold that the conspiracy count against the defendants must be dismissed because the Government has failed to allege an overt act within the limitation period and, therefore, their prosecution under it is barred.

My decision would not be changed, even if, as the Government contends, the proviso in the statute of limitations on the substantive crime of concealment [4] is read into the general conspiracy section of the criminal code. This reading of both § 3282 and § 3284 is a novel one, for it would mean that the statute of limitations on conspiracies to conceal assets in bankruptcy, would begin to run only after a discharge had been granted or denied and would have the effect of extending the period of limitations. I express no opinion on its merit, I note only that even if this proposition were correct, it would not eliminate the requirement that an overt act within the limitation period be alleged. Since the last overt act alleged was in November of 1959, the conspiracy count would still have to be dismissed.

## II.

■■ As to count two of the indictment, the defendants request a bill of particulars. They contend that this request should be granted in order to enable them to prepare their defense adequately. The application for a bill of particulars is one addressed to the sound discretion of the court. Dunlop v. United States, 165 U.S. 486, 17 S.Ct. 375, 41 L.Ed. 799

---

4. Title 18, § 3284. Concealment of bankrupt's assets. The concealment of assets of a bankrupt or other debtor *shall be deemed to be a continuing offense until the debtor shall have been finally discharged or a discharge denied,* and the period of limitation shall not begin to run until such final discharge or denial of discharge. (Emphasis added.)

(1897). Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1927). Where a bill of particulars has been asked for and denied and the defendants are convicted, they may be able to show to an appellate court that the denial was an abuse of discretion and thus secure a reversal. Singer v. United States, 58 F.2d 74 (3rd Cir., 1932).

The grant or denial of a bill of particulars must rest on the facts of each case. Thus, the factual situation in a particular case may be so complicated that to deny the defendant a bill of particulars, might be, in effect, to deny him substantial justice. The crucial question is whether the denial causes the defendant to be taken by surprise. Kanner v. United States, 21 F.2d 285 (2nd Cir., 1927).

■ Here, the indictment specifically charged the defendants with concealing assets:

> * * * including the stocks and merchandise of the said business, consisting of toys, bicycles, jewelry, radios, television sets, typewriters, wrist watches, silverware, glassware, clocks, toasters, coffee pots, fruit cakes, cookies, Easter eggs, and similar items and lines of merchandise, including cash, currency, moneys, and other things of value for which the aforementioned merchandise was sold, exchanged for or bartered, a more exact description of which is unknown to the Grand Jury, in the approximate value of $603,665.17.

Such specificity "sufficiently advise the defendant so that he may properly prepare his defense and avoid surprise and substantial prejudice at the trial." United States v. Greve, 12 F.Supp. 372 (D.C.E.D.N.Y.1934). Specificity does not require the minute listing of every bill of sale or itemized transaction which is what defendants apparently desire. Therefore, I feel compelled to deny the request for a bill of particulars.