James Marquis **HEDRICK**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 8206.

United States Court of Appeals
Tenth Circuit.

Feb. 28, 1966.

Leslie L. Conner and James M. Little, Oklahoma City, Okl., for appellant.

John P. Burke, Atty., Dept. of Justice (Richard M. Roberts, Acting Asst. Atty. Gen., Lee A. Jackson, Joseph M. Howard and John P. Burke, Attys., Dept. of Justice, and B. Andrew Potter, U. S. Atty., with him on the brief), for appellee.

Before MURRAH, Chief Judge, PICKETT, Circuit Judge, and CHRISTENSEN, District Judge.

CHRISTENSEN, District Judge.

This is an appeal by the defendant James Marquis Hedrick, a certified public accountant, from a judgment of conviction and sentence of imprisonment imposed for violation of 26 U.S.C. 7206 (2), relating to fraud and false statements in income tax returns.[1] Appellant and his employer Trosper had been jointly indicted and tried to the court, a jury having been waived.

Trosper conducted a foreign car business in Oklahoma through numerous corporations and certain partnerships. The twenty-five counts of the indictment upon which convictions were had against one or the other, or both of the defendants were based upon eighteen income tax returns of seven of these corporations and one of the partnerships. The government claimed that for the purpose of evading the payment of taxes the defendants utilized fictitious stock distributions to employees under guise of officers' salaries, failed to report rental, oil and other income, made improper inventory writedowns and concealed income through purported intercompany management charges and transfers. The appellant claimed that the transactions in question were recorded and reported in good faith or for purposes other than to evade income tax liability, and that the returns prepared by him, irrespective of what the actual transactions may have been, properly reflected the business records with which he had to deal in making the returns.

The trial court in a general finding, special findings not being requested,[2] determined that both defendants were guilty as charged.[3] Trosper did not appeal.

Appellant asserts here as grounds for reversal that the court erred in denying his motion for a bill of particulars, in receiving allegedly inaccurate "summaries" of evidence prepared by a government expert which bore a prejudicial caption, entering judgment upon an "insufficient" indictment, overruling appellant's motion for new trial, finding the defendant guilty on evidence insufficient in law to support the finding, and imposing an excessive sentence, particularly in relation to the sentence of his co-defendant.

■ This was not a net-worth case. All counts of the indictment reasonably specified the respective transactions with respect to which income was alleged to have been understated and the false statements relied upon by the government. There was no abuse of permissible discretion in the denial of a bill of particulars. Enlow v. United States, 239 F.2d 887 (10th Cir. 1957); Rubenstein v. United States, 214 F.2d 667 (10th Cir. 1954).

■ Appellant complains because the heading of a "summary" presented by Harrison, the government's expert witness, contained a reference to "false deductions", and contends further that the summary was inaccurate or incomplete in various particulars and thus not based upon the evidence within the requirements expressed in Conford v. United States, 336 F.2d 285 (10th Cir. 1964). The claimed inaccuracies and incompletions were of a relatively minor nature, aside from the broad contention that because the filed returns accurately reflect-

---

1. "7206. *Fraud and false statements.*
   "Any person who—
   " * * *
   "(2) *Aid or Assistance*—Willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized

or required to present such return, affidavit, claim, or document * * * shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $5,000, or imprisoned not more than 3 years, or both, together with the costs of prosecution."

2. Rule 23(c) F.R.Crim.P. "In a case tried without a jury the court shall make a general finding and shall in addition. on request find the facts specially."

3. Count 26, however, based upon 18 U.S.C. 1001, had been dismissed prior to trial.

ed entries actually made in the books, the government could not go behind these in its summary without departing from the evidence. As will be discussed later in connection with the sufficiency of the evidence, bookkeeping entries made by a taxpayer or others acting in his behalf cannot block inquiry as to the true transaction. Substance rather than mere form is controlling. And a summary is not rendered inadmissible or, if received, prejudicial because the factfinder may not accept it as accurate or complete in every detail. In this case there was evidence tending to support the summary in all important respects. The inclusion of the word "false" in the heading on the exhibit, although subject to challenge had the case been tried before a jury, was wholly innocuous before the experienced trial judge, who recognized it as a mere contention.

*Conford* and prior cases sustained the propriety of receiving summaries in jury cases under proper instructions concerning their foundation, purpose and utilization. Such exhibits are no less appropriate in cases tried to the court; and it may be presumed in the absence of other indication that they will be utilized and evaluated by judges in harmony with established principles. There is absolutely no showing here to the contrary.

The principal contention of appellant is that the evidence does not sustain his conviction. He argues that "the deductions for common stock issued to corporate officers is allowed by law and the taking of such deductions is not per se a violation", and that "the intercompany entries actually existed and the mere disallowance of the deductions resulting from intercompany entries is insufficient to sustain a conviction under Title 26, U.S.C.A., Section 7206(1) (2)". The difficulty with these propositions as defenses is that they accept as binding upon the court and jury the records which were demonstrated by the evidence to have been false or designedly misleading.

█ It is true that the acceptance and receipt of stock by stockholder-employees in lieu of salary or wages may not constitute taxable income to the employee if such stock distribution does not disturb the fractional interests of the stockholders of the corporation. Eisner v. Macomber, 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521 (1920); National Clothing Co. of Rochester, 23 T.C. 944 (1955); Daggitt 23 T.C. 31 (1954). But the evidence tended to show, in fact quite clearly established, that stock deliveries claimed as salary deductions, were made to employees as a mere subterfuge and without their actually having served as officers of the respective corporations. Upon delivery of the certificates to the employees (who had already been paid their agreed salary in cash) there was an immediate redelivery, with endorsements in blank, to or for the taxpayer, who was the sole beneficial owner of the corporations. That the appellant as accountant relied upon the record of the stock "deliveries" to employees in deducting the value of the stock as salaries cannot avail him in view of ample evidence tending to prove that he knew that the records did not reflect the actual substance of the transactions but, on the contrary, that he, himself, had participated in arrangements for the making of such misleading records in order to permit the evasion of taxes justly due.

The letter received in evidence from an attorney inferring that the stock-payments of salary would be non-taxable was obviously written on the assumption that they represented payments actually made in good faith to the respective employees as stockholders. A legal opinion founded upon such error known and contrived by a recipient can afford no shield for wrongdoing.

█ Equally inconsistent with innocent mistake or misunderstanding is the evidence concerning intercorporate transactions of a fraudulent nature and other wrongful exclusions from reported income upon which convictions on the remaining counts of the indictment were based. It is unnecessary to further detail the record. Suffice it to say that there is substantial competent evidence to sus-

tain the convictions on all of the counts, and the finding and conclusions of the court are not clearly erroneous, and hence are controlling here. Gusow v. United States, 347 F.2d 755 (10th Cir. 1965); Cartwright v. United States, 335 F.2d 919 (10th Cir. 1964); Sandoval v. United States, 285 F.2d 605 (10th Cir. 1960); Corbin v. United States, 253 F.2d 646 (10th Cir. 1958).

The appellant contends that his sentence was excessive and in abuse of the trial court's discretion. He points out that he was sentenced to a total of five years' imprisonment, while his co-defendant, whom he calls "the principal defendant" was given a five month sentence with probation thereafter, and a fine.

█ This court has applied the general rule that a sentence within the limits of a valid statute does not constitute cruel and unusual punishment. Smith v. United States, 273 F.2d 462 (10th Cir. 1959). Even though it be assumed that, under extraordinary circumstances, a sentence within statutory limits could constitute cruel and unusual punishment (cf. Weems v. United States, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910)), or might otherwise amount to an abuse of discretion (cf. United States v. Wiley, 278 F.2d 500 (7th Cir. 1960)), appellant's sentence of five years as against the measurably longer term that theoretically could have been imposed cumulatively for the eighteen counts on which he stood convicted, was neither cruel nor unusual; nor was it necessarily disparate, although unequal, in relation to the sentence of the co-defendant. There was evidence reasonably tending to indicate that appellant, as Trosper's accountant and advisor, rather than Trosper, primarily was responsible for devising and executing the plan to evade the taxes, and in any event we cannot say that the trial court abused its discretion in determining the respective sentences.

General attacks directed in appellant's brief against the allegedly "insufficient indictment", the order of the court denying appellant's motion for a new trial, and the asserted "insufficiency at law"

of the evidence, are in effect disposed of by what already has been stated. However, to the extent that these additional assignments may not be fully resolved by the foregoing comments, we note our conclusion that they are without merit.

Affirmed.