John W. DAVIS, Hugh Winn, John Katsikos, and Joseph Leo Vedder, Appellants,

v.

UNITED STATES of America, Appellee.

No. 21862.

United States Court of Appeals Fifth Circuit.

March 3, 1966.

Rehearing Denied April 18, 1966.

Hilton R. Carr, Jr., Allan Milledge, Herbert A. Warren, Jr., Neal P. Rutledge, Carr & Warren, Rutledge & Milledge, Miami, Fla., Grant Stetter, Washington, D. C., for appellants.

William A. Meadows, Jr., U. S. Atty., Aaron A. Foosaner, Lloyd G. Bates, Jr., Asst. U. S. Attys., Miami, Fla., for appellee.

Before JONES and BELL, Circuit Judges, and JOHNSON, District Judge.

JOHNSON, District Judge:

This is an appeal from judgments entered upon jury verdicts of guilty. The prosecution of appellants Davis, Winn, Katsikos, and Vedder was upon an indictment under 18 U.S.C. § 371 and 18 U.S.C. § 1992.[1] Specifically, Count I charged that appellants conspired to wilfully derail, disable and wreck trains operated by the Florida East Coast Railroad (hereafter FEC); Count II charged that appellants wilfully placed dynamite near a bridge with intent to derail trains operated by the FEC; Count III charged that appellants attempted to derail FEC trains.

Appellants Davis and Vedder were convicted on all three counts. Davis was sentenced to five years on Count I, and ten years each on Counts II and III to run concurrently. Vedder received ten years on each count to run concurrently. Appellants Winn and Katsikos were found guilty on Count III and were sentenced to five years, four and one-half years of which was to be probated.

Our disposition of this appeal makes it necessary for us to consider only two of the many questions presented by defendants. These questions are: (1) was Count III unconstitutionally vague and indefinite; and (2) were the defendants' rights to remain silent violated by certain comments made by the trial judge.

I

 The legal sufficiency of Count III of the indictment was challenged by appellants by their motion to dismiss the indictment and by their motion in arrest of judgment, both of which were denied. Count III provides:

> On or about March 11 and March 12, 1964, in the Southern District of Florida, the defendants, John Wesley Davis, Joseph Leo Vedder, John Katsikos, and Hugh Winn, did wilfully attempt to derail, disable and wreck trains, engines and cars used, operated and employed in interstate commerce by the Florida East Coast Railroad in violation of Title 18, U.S.Code, Section 1992.

The criteria by which the legal sufficiency of an indictment is determined are whether it contains the elements of the offense charged and apprises the accused of the nature of the charge, so as to enable him to prepare a defense and to plead the judgment. Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240; United States v. Debrow, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92; Van Liew v. United States, 321 F.2d 664 (5th Cir. 1963); Beitel v. United States,

---

1. § 371 provides: "If two or more persons conspire either to commit any offense against the United States, or to defraud the United States * * * in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both."

§ 1992 provides: "Whoever willfully derails, disables, or wrecks any train, engine, motor unit, or car used, operated, or employed in interstate * * * commerce by any railroad; or

"Whoever willfully * * * places any explosive substance on or near * * * any * * * bridge * * *; or

"Whoever willfully attempts to do any of the aforesaid acts or things—

"Shall be fined not more than $10,000 or imprisoned not more than twenty years, or both."

306 F.2d 665 (5th Cir. 1962); United States v. Strauss, 285 F.2d 953 (5th Cir. 1960); Kreuter v. United States, 218 F.2d 532 (5th Cir.), cert. denied, 349 U.S. 932, 75 S.Ct. 777, 99 L.Ed. 1262 (1955); Keslinsky v. United States, 12 F.2d 767 (5th Cir. 1926).

These judicial principles have descended from the constitutional provisions declaring that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury * * * nor shall any person be subject for the same offense to be twice put in jeopardy of life and limb * * *." U.S.Const., amend. V. And "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to be informed of the nature and cause of the accusation * * *." U.S.Const., amend. VI. The essence of these principles of due process is embodied in a simple rule, which provides that an indictment shall be "a plain, concise and definite written statement of the essential facts constituting the offense charged." F.R.Crim.P., Rule 7(c), 18 U.S.C.

■ We conclude that Count III of the indictment does not inform the defendants of the nature and cause of the accusation with such reasonable certainty that they could have made an adequate defense and protected themselves after judgment against another prosecution on the same charge. The language is not specific enough to state a single offense. Count III could refer to the same events which form the basis of the first two indictments,[2] or it could refer to a completely different set of circumstances. The use of the word "trains" and the failure to specify even the approximate location where the attempt took place are particularly objectionable since they subject appellants to unwarranted speculation:

"Undoubtedly the language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged."[3]

Count III should have been dismissed.[4]

## II

■ Appellants Vedder and Davis allege that certain comments by the trial judge infringed their constitutional right to remain silent. We agree.

During the course of the cross-examination of the government's chief witness, a paid informer, counsel for Vedder and Davis, sought to impeach the witness by showing that he had a financial interest in having appellants convicted beyond the payments admittedly received, and attempted to cross-examine with regard to what the witness had said transpired between himself and Vedder and Davis in connection with their plans and efforts to derail the trains. The trial judge sustained the objections to the cross-examination and commented in the presence of the jury that counsel could not impeach the witness, but could put "your people" on the stand.[5]

---

2. The requisite specificity can be achieved by incorporation of another count, but this must be expressly done. See Walker v. United States, 176 F.2d 796 (9th Cir. 1949); United States v. Gordon, 253 F.2d 177 (7th Cir. 1958).

3. Russell v. United States, supra, 369 U.S. at 765, 82 S.Ct. at 1048.

4. Reversal based on insufficiency of Count III will result in the release of defendants Winn and Katsikos based upon their convictions. Since the sentences of Davis and Vedder on Count III run concurrently with those on Count II, they will not be affected by this action except upon a new trial.

5. Q (R. 541): Mr. Becker, I will ask you if you ever made a proposition to either the defendants Davis or Vedder concerning the spreading of the rails of the FEC railroad with a jack in order to cause a derailment.
MR. MEADOWS: I object * * *.
THE COURT: Sustained. It's the same old testimony. Strike the testimony

■ The rule that defendant's refusal to testify may not be commented on is, of course, based on the Fifth Amendment, and its statutory analogue, § 3481 of Title 18, United States Code.[6] This principle has been given elaborate analysis in recent decisions of both this Court and the Supreme Court. See, for example, Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); Murphy v. Waterfront Comm., 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964); De Luna v. United States, 308 F.2d 140 (5th Cir. 1962). Just as it is improper for the prosecutor to argue from defendant's silence, so is it improper for the trial judge to call attention to a defendant's silence.[7]

> What the jury may infer, given no help from the court, is one thing. What it may infer when the court so solemnizes the silence of the accused into evidence against himself is quite another.[8]

■ It is important to observe that the rule does not prohibit all comment on testimony or evidence which stands uncontradicted, and the right to make such statements is well established. See, for example, Jordan v. United States, 324 F.2d 178 (5th Cir. 1963); Garcia v. United States, 315 F.2d 133 (5th Cir. 1963); Fowler v. United States, 310 F.2d 66, 67 (5th Cir. 1962); Smith v. United States, 234 F.2d 385 (5th Cir. 1956); Jamail v. United States, 55 F.2d 216 (5th Cir. 1932). The facts and circumstances of each case must be carefully analyzed to determine "whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." Knowles v. United States, 224 F.2d 168, 170 (10th Cir. 1955); see United States v. Fay, 349 F.2d 957 (2d Cir. 1965).

On the record before us, we can think of no effect of the trial judge's comments other than to invite the jury's attention to the fact that Vedder and Davis had not taken and did not take the witness stand. Here, no one but Vedder or Davis —or both—could have contradicted the government's witness as to the events about which he had testified and upon which he was being cross-examined at the time of the trial judge's remarks.

Accordingly, the judgments entered against Vedder and Davis on Counts I

---

of counsel. It assumes a state of facts not in the record. It is completely outside the direct examination. You can have your people and they can testify if you want them to what this man did, if he did anything.

> \* \* \* \* \*

Q (R. 541): Did you remove from the property of the Clearwater Paving Company a jack for the purpose of spreading the rails of the FEC railroad?

THE COURT: Quit that now; you know better than that * * *. You don't want to call your own witnesses. You want to testify. You call your witnesses to testify.

> \* \* \* \* \*

THE COURT (R. 543–44): Call your own witnesses. This man doesn't happen to be your witness at this time. You can call him, of course, if you want to.

> \* \* \* \* \*

THE COURT (R. 544): And it may be that your people are wrong. Bring them up here and put them under oath, whoever told you any such thing, and we will look into it.

6. § 3481 provides: "In trial of all persons charged with the commission of offenses against the United States * * * the person charged shall, at his own request, be a competent witness. His failure to make such request shall not create any presumption against him."

7. In United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965), in a dissenting opinion Douglas, J., observed: "[U]nder 18 U.S.C. § 3481 the defendant is entitled as a matter of right to have the trial judge expressly tell the jury that it must not attach any importance to the defendant's failure to testify; or, if the defendant sees fit, he may choose to have no mention made of his silence by anyone. Bruno v. United States, 308 U.S. 287 [60 S.Ct. 198, 84 L.Ed.2d 257]." 380 U.S. at 73, 85 S.Ct. at 761.

8. Griffin v. State of California, supra, 380 U.S. at 614, 85 S.Ct. at 1233.

and II are reversed and remanded to the District Court. The judgments entered against the defendants based upon the Count III convictions are reversed with directions that Count III be dismissed.