**UNITED STATES of America, Plaintiff, Appellee,**

v.

**Larry Dean SLAWSON, Defendant, Appellant.**

**No. 325-69.**

United States Court of Appeals, Tenth Circuit.

Oct. 12, 1970.

Sam Caldwell, Muskogee, Okl., for appellant.

James H. Payne, Asst. U. S. Atty., Muskogee, Okl. (Richard A. Pyle, U. S. Atty., and Robert D. McDonald, Asst. U. S. Atty., Muskogee, Okl., on the brief), for appellee.

Before PICKETT, HILL and SETH, Circuit Judges.

PER CURIAM.

This is a direct appeal from a jury verdict of guilty and a judgment thereupon for failing and neglecting to comply with an order of appellant's Selective Service Board. After the jury verdict, the trial judge committed Slawson to the custody of the Attorney General for imprisonment for a period of five years or until otherwise discharged by law, which is the maximum sentence provided for by statute.[1]

As the sole issue presented here appellant urges the sentence to be arbitrary and without justification.

It is elementary that ordinarily a sentence will not be disturbed on appeal nor considered cruel and unusual if it is within the statutory limits. Andrus v. Turner, 10th Cir., 421 F.2d 290. Other cases from this Circuit to the same effect are Jordan v. United States, 370 F.2d 126; Hedrick v. United States, 357 F.2d 121; and Jones v. United States, 323 F.2d 864. In addition we have stated that this court will not interfere with the trial court's exercise of discretion in fixing a sentence, absent most unusual circumstances. Weissman v. United States, 387 F.2d 271; Welch v. United States, 371 F.2d 287; Wagstaff v. United States, 370 F.2d 444; and Martin v. United States, 364 F.2d 894. In United States v. Winn, 411 F.2d 415 we characterized a sentence within statutory limits as invulnerable.

On the basis of the record before us and the arguments of counsel we can find no unusual or out of the ordinary circumstances justifying an interference with the trial court's exercise of its discretion in pronouncing the sentence here.

Affirmed.

1. 50 App.U.S.C. § 462.