**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Willis A. ATTAWAY, Defendant-**
**Appellant.**

**No. 71–1085**

**Summary Calendar.**[*]

United States Court of Appeals,
Fifth Circuit.

Oct. 20, 1971.

John D. Varnell (ct. apptd.) Atlanta, Ga., for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., Robert L. Smith, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge.

Appellant was convicted and sentenced under two counts of an indictment charging him with selling and delivering counterfeit bills, in violation of 18 U.S. C. § 473.

On appeal Attaway alleges various errors by the trial court during the course of the trial as well as its denial of defendant's motion for a judgment of acquittal at the conclusion of the proceedings.

Appellant contends that certain comments by the trial court infringed upon his right to remain silent in violation of Fifth Amendment rights. The trial court in a general opening statement to the jury panel outlined the usual procedure to be followed in all criminal cases to be tried during the week. The panel was told that the Government's case in each instance is

---

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

presented first and that "When the Government has completed its case, it then becomes the defendant's turn and the defendant calls his witnesses and when he has examined his witnesses, the Government will thereupon cross-examine his witnesses." The trial judge was careful to point out that a defendant is not obliged to take the stand, that his failure to do so should not prejudice the jury against him, that the burden is on the Government to prove the defendant guilty beyond a reasonable doubt, and "until the Government has done that, the defendant doesn't have to prove anything." Later, defense counsel, in his opening statement to the jury, reiterated in essence the court's instructions on the Government's burden, in the following language: "There is not any obligation under our law for a defendant who is accused of a crime to bring any evidence to you, to take the stand and testify in his own defense or to do anything other than to come to court. The burden remains on the Government to prove his guilt, and he doesn't have to prove anything. Under the law, if the Government doesn't carry their burden, he must go free." He then added, moreover, "In this case, we will bring you evidence, because we think it's important that you see both sides of the coin, hear both sides of the story." Appellant's contention that the court's comments were prejudicial is patently devoid of merit.

■ Appellant further contends that his right to remain mute was violated by a comment of the trial court during the trial. The court refused to allow certain testimony, offered for the purpose of impeaching a Government witness, relating to what a defense witness heard defendant say in a telephone conversation allegedly between the defendant and the Government witness. The testifying witness admitted that he did not know to whom appellant was talking and that he overheard only appellant's end of the conversation. The Government objected to the testimony and the court sustained the objection, remarking that the evidence could properly be admitted by putting defendant on the stand. No objection was made to the suggestion. To the contrary, defense counsel immediately said that that was what he intended to do. Defendant did in fact testify. We also note that defendant's motions for judgment of acquittal n. o. v. and for a new trial are silent as to any allegation or self-incrimination. Where there are no objections at the trial level, only plain error will be noted on appeal, Rule 52(b), Fed.R.Crim.P., and the rule is to be invoked only in exceptional circumstances to avoid a miscarriage of justice. Sykes v. United States, 5 Cir., 1966, 373 F.2d 607; Eaton v. United States, 5 Cir., 1968, 398 F.2d 485; Rivers v. United States, 5 Cir., 1968, 400 F.2d 935. Under the circumstances of the instant case, the application of the plain error rule is clearly not warranted.

Our decision in Davis v. United States, 5 Cir., 1966, 357 F.2d 438, relied on by appellant in contending that his privilege against self-incrimination was violated, is factually distinguishable. The trial judge in *Davis* was persistent in his admonitions to defense counsel to discontinue, by cross-examination of Government witnesses, an attempt to introduce evidence which the court considered to be outside of the record. On at least four occasions the court told counsel to introduce the evidence by placing his own witnesses on the stand. Appellants in *Davis* did not take the witness stand. In reversing the convictions, we found that the effect of the trial judge's comments was to invite the jury's attention to the fact that appellants had not taken and did not take the stand. We were careful to point out, however, in *Davis* that "The facts and circumstances of each case must be carefully analyzed to determine 'whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify.'" 357 F.2d at 441. Under the facts of the instant case we find no prejudice to defendant by the trial court's remark. Cf. Jordan v. United States, 5 Cir., 1963,

324 F.2d 178; Garcia v. United States, 5 Cir., 1963, 315 F.2d 133.

Appellant further charges as error that the court improperly instructed the jury on the issues of defendant's good character and of the weight to be given an informer's testimony. We have carefully examined the charge in this respect and find no error. Nor do we feel, as appellant contends, that the trial judge abused his discretion in allowing Government counsel to substantiate the credibility of one of its witnesses through testimony of other witnesses, especially when it appears from the record that the issue was first raised by appellant's counsel.

A jury verdict is not to be overturned unless, taking the view most favorable to the Government, there is an absence of substantial evidence to support it. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); Moorman v. United States, 5 Cir., 1968, 389 F.2d 27; Weaver v. United States, 5 Cir., 1967, 374 F.2d 878. There was abundant evidence upon which the jury could have based their verdict of guilt, and we perceive no error by the court which requires reversal.

Affirmed.