983 F.2d 1079
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ernest P. LAMPERT, Defendant-Appellant.
 No. 91-10395.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1992.*
Decided Dec. 18, 1992.
 
 Before GOODWIN, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lampert appeals his conviction for mail fraud on the ground that the district judge improperly referred to Lampert's failure to testify and thereby infringed his constitutional right to remain silent. We affirm.
 
 
 3
 The district judge's comment came in the course of an evidentiary ruling. On direct examination by defense counsel, Montie Day testified that he informed Lampert that the Internal Revenue Service could impose an assessment on Lampert's corporation. Defense counsel then sought to elicit from Day the reaction of Lampert:
 
 
 4
 Defense counsel: Do you know what Mr. Lampert did after that meeting?
 
 
 5
 Prosecutor: Objection to this as hearsay.
 
 
 6
 Court: Sustained.
 
 
 7
 Defense counsel: If you know from Mr. Lampert, from your discussions with Mr. Lampert?
 
 
 8
 Prosecutor: It's still hearsay.
 
 
 9
 Court: Mr. Lampert can testify.
 
 
 10
 Defense counsel did not object to the court's statement, did not make a motion for mistrial, and did not request a curative instruction.
 
 
 11
 Because Lampert neither objected to the judge's comment nor requested a specific curative instruction, there must be plain error to afford a basis for reversal. United States v. Kennedy, 714 F.2d 968, 976 (9th Cir.1983), cert. denied, 465 U.S. 1034 (1984) (held that prosecutor's statements did not constitute plain error). This court will "reverse a criminal conviction on the basis of plain error in the very exceptional situation only, situations wherein it appears to be necessary in order to prevent miscarriages of justice or to preserve the integrity and reputation of the judicial process." Id. at 977 (citations omitted). The judge's single allusion to defendant's ability to testify on a particular issue hardly amounts to plain error.
 
 
 12
 Griffin v. California, 380 U.S. 609, 613-14 (1965), prohibits comment upon a defendant's decision to exercise his Fifth Amendment right not to testify. A trial judge's remark constitutes Griffin error if it was "manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." United States v. Polizzi, 500 F.2d 856, 890-91 (9th Cir.1974), cert. denied, 419 U.S. 1120 (1975) (citations omitted).
 
 
 13
 In United States v. Haynes, 573 F.2d 236 (5th Cir.), cert. denied, 439 U.S. 850 (1978), the district judge noted that, although a witness could not testify on a particular issue, if defense counsel "want[s] to put Mr. Haynes [the defendant] on the stand, that is a different matter." Id. at 238. On appeal, the Fifth Circuit stressed the following factors: "the trial judge made only a single simple statement in the context of an evidentiary ruling;" upon request by defense counsel, the judge told the jury to disregard the remark; and the judge gave a detailed instruction on this point in the general charge to the jury. Id. at 239.
 
 
 14
 In the present case, the judge's single comment was even less marked than in Haynes, and, prior to the jury's deliberation, the judge instructed the jury on the defendant's right not to testify. Lampert emphasizes the lack of a curative instruction immediately following the judge's comment. However, defense counsel failed to raise an objection to the comment or ask for an instruction. In Polizzi, the Ninth Circuit held that a trial judge's single comment alluding to a defendant's ability to testify was insufficient grounds for reversal. 500 F.2d at 890-91 (Trial judge commented, "You may be able to establish it by some other witness, or if your brother [the defendant] takes the stand and testifies you can establish his whereabouts by his testimony."). Cf. Davis v. United States, 357 F.2d 438, 440 n. 5 (5th Cir.), cert. denied, 385 U.S. 927 (1966) (four comments by trial judge held to be error). In the present case, the district judge's comment was not Griffin error nor was it plain error.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3