# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30624
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 17, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEVIN DALCOURT,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:16-CR-21-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Kevin Dalcourt appeals the sentence imposed following his guilty plea conviction for one count of making and subscribing a false tax return in violation of 26 U.S.C. § 7206(1). He contends that the $89,927 fine is constitutionally excessive because it is punitive in nature and grossly disproportional to the gravity of his offense. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30624

We need not determine if the constitutional issue was preserved because, even on de novo review, Dalcourt's arguments fail. The record reflects that the fine is related and proportional to the gravity of Dalcourt's offense. *See United States v. Bajakajian*, 524 U.S. 321, 334 (1998). As a professional tax preparer who filed false tax returns on behalf of himself and several clients, Dalcourt is clearly within the class of persons for whom the statute was designed. *See* § 7206; *United States v. Morrison*, 833 F.3d 491, 500-02 (5th Cir. 2016); *United States v. Haynes*, 573 F.2d 236, 240 (5th Cir. 1978). Although the fine exceeds the $4,000 to $40,000 guidelines range, it is well below the statutory maximum fine of $250,000. *See* § 7206; 18 U.S.C. § 3571(b)(3), (e). The district court explained that the $89,927 fine was imposed to adequately account for Dalcourt's conduct and the actual tax losses not covered by the $397,989.78 restitution order. Defense counsel's arguments in support of mitigation of sentence confirms that Dalcourt was employable and would be capable of paying the fine and restitution in monthly installments on his release from prison. Dalcourt has not shown that the fine violates the Eighth Amendment. *See Bajakajian*, 524 U.S. at 334, 337-39.

Dalcourt also contends that his above-guidelines sentence is substantively unreasonable. He notes that, in addition to a fine more than twice the maximum amount recommended by the Guidelines, the district court also sentenced him above the applicable guidelines range to the 36-month statutory maximum term of imprisonment and ordered that the sentence run consecutively to the state sentence he is currently serving.

The record reflects that the district court considered the advisory guidelines range, the statutory penalties, the 18 U.S.C. § 3553(a) factors, the facts set forth in the presentence report, Dalcourt's arguments in mitigation of sentence, and the Government's request for an upward variance. The district

court made an individualized assessment and concluded that the guidelines range did not adequately take into account the § 3553(a) factors. Although the district court imposed the statutory maximum term of imprisonment, the 36-month sentence is only six months greater than the top of the 24 to 30-month guidelines range. We have upheld variances substantially greater than the increase to Dalcourt's term of imprisonment. *See United States v. Jones*, 444 F.3d 430, 433, 441-42 (5th Cir. 2006). The above-guidelines fine is also well below the statutory maximum fine, and the district court's imposition of a consecutive sentence was authorized by 18 U.S.C. § 3584(a) and U.S.S.G. § 5G1.3(a).

Dalcourt's assertions do not show a clear error of judgment on the district court's part in balancing the § 3553(a) factors. Instead, they constitute a mere disagreement with the district court's weighing of those factors. Given the significant deference that is owed to a district court's consideration of the § 3553(a) factors and the district court's reasons for its sentencing decision, Dalcourt has not demonstrated that the sentence is substantively unreasonable. *See Gall v. United States*, 552 U.S. 38, 50-53 (2007); *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). The district court's judgment is AFFIRMED.