# United States Court of Appeals for the Fifth Circuit

—————————

No. 24-10563
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**
May 7, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Tommy Vidal,

*Defendant—Appellant*.

—————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-155-15

—————————————————————

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Following a jury trial, Tommy Vidal was convicted of one count each of conspiracy to possess heroin with intent to distribute, possession of a firearm in furtherance of a drug-trafficking crime, maintaining a drug-involved premises, possession of methamphetamine with intent to distribute, and possession of heroin with intent to distribute. He was sentenced to serve

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

a within-guidelines term of 352 months in prison and three years of supervised release. Now, he raises several challenges to his convictions and sentence.

First, he argues that the evidence is insufficient to uphold his conviction for possessing a firearm in furtherance of a drug-trafficking crime. Trial evidence showed that he was a salesperson for a drug-trafficking conspiracy, that drugs and guns go hand-in-hand, and that a gun was near him on the sofa where he was sitting when he was arrested. When this evidence is viewed, as it must be, in the light most favorable to the verdict, it suffices to uphold the jury's verdict finding Vidal guilty on the firearms charge. *See United States v. Fatani*, 125 F.4th 755, 758–59 (5th Cir. 2025); *United States v. Suarez*, 879 F.3d 626, 630–31 (5th Cir. 2018); 18 U.S.C. § 924(c)(1)(A)(i).

Next, he argues that the district court erred by allowing the jurors to consider a copy of his indictment, which contained his aliases. He shows no abuse of discretion, as the disputed item does not contain prejudicial information. *See United States v. Grant*, 850 F.3d 209, 216 (5th Cir. 2017); *United States v. Haynes*, 573 F.2d 236, 241–42 (5th Cir. 1978). Further, the jury was instructed that the indictment was not evidence, and juries are presumed to follow their instructions. *Samia v. United States*, 599 U.S. 635, 646 (2023).

Insofar as he argues that the indictment should have been redacted, this argument is raised for the first time before this court and thus reviewed for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To show plain error, Vidal must show a forfeited error that is clear or obvious and that affects his substantial rights. *See id.* Vidal shows no error, much less plain error, in connection with his arguments concerning the jury's consideration of the indictment.

No. 24-10563

He also shows no abuse of discretion in connection with the denial of his motion for a mistrial, which came after a coconspirator testified that he thought Vidal was "crazy." *See United States v. Pando Franco*, 503 F.3d 389, 393 (5th Cir. 2007). The jurors, who are presumed to follow instructions, were told to disregard the disputed remark, and he neither cites anything to show that they did not nor explains how this remark was so prejudicial as to warrant a mistrial. *See Samia*, 599 U.S. at 646.

Finally, his sentencing arguments, which concern his base offense level and an adjustment for imported drugs, are reviewed for plain error due to his failure to raise them before the district court. *See Puckett*, 556 U.S. at 135. He does not meet this standard because he points to nothing rebutting those parts of the PSR on which the disputed adjustments are based or otherwise showing that these parts of the PSR are unreliable. *See United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012). The judgment of the district court is AFFIRMED.